IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTT WEBBER                          :
                                      :
    v.                                :    Civil Action No. DKC 2006-2435
                                      :
ST. PAUL TRAVELERS INSURANCE          :
                                      :

**MEMORANDUM OPINION**

This case was removed from the Circuit Court for Montgomery County by Defendant, asserting jurisdiction based on diversity of citizenship.[1] The complaint contains two counts: breach of contract seeking $26,000 in damages, and negligence, seeking $150,000 in damages. Defendant now moves to dismiss the negligence claim. Plaintiff was advised via notice from the clerk's office of his opportunity and the necessity to respond, but he has filed no opposition. For the reasons that follow, the motion will be granted and the parties will be directed to show cause why the remaining claim should not be remanded to the Circuit Court.

This case arises from a dispute between Plaintiff, a homeowner, and the carrier of his homeowner's insurance. The complaint alleges that the septic tank at 8803 Seven Locks Road, Plaintiff's residence, backed up, flooded the basement, and caused significant damage to personal items, carpet, walls, and more.

---

[1] Plaintiff named St. Paul Travelers Insurance as the defendant. Defendant maintains that the proper defendant is Standard Fire Insurance Company and has moved to correct the misnomer. (Paper 6). The motion is unopposed and will be granted.

Defendant was contacted and Plaintiff was instructed to mitigate and clean the affected area himself.  At the time, Plaintiff was covered by a Homeowner's Insurance Policy issued by Defendant which included a Septic/Sewer rider.  Defendant inspected the basement and declared the area to be a covered loss and valued the loss at $1959.02.  Plaintiff disputed the amount and obtained independent estimates of $6000 for the carpet and $20,000 for full professional clean up and restoration.

As noted above, Plaintiff seeks $26,000 in breach of contract damages.  The negligence claim further asserts that the area affected developed extensive mold growth and that Defendant has refused to properly clean and remediate the area.  Plaintiff asserts that Defendant was responsible for the proper cleanup and restoration of the flooded area and, by relying on Plaintiff to perform those duties, without compensation and without proper protocols, was negligent "by refusing to fulfill its obligations under the terms of the insurance policy paid for by Plaintiff." (Paper 2, at 3).  Thus, Plaintiff seeks $ 150,000 in compensatory damages for physical and mental suffering and economic loss, as well as future testing and medical expenses.

Defendant has moved to dismiss the negligence claim, arguing that Maryland does not recognize a tort action in a first party insurance dispute.  Because Defendant is correct that Plaintiff's

negligence claim is not viable under Maryland law, the motion to dismiss will be granted.

While the Court of Appeals of Maryland has never explicitly addressed the issue, it is well-settled that Maryland does not recognize any tort action based on the breach of a first party insurance contract. *Johnson v. Fed. Kemper Ins. Co.*, 74 Md.App. 243, 247-48 (Md.Ct.Spec.App.) ("Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim"), *cert. denied*, 313 Md. 8 (1988); *see also Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) (holding that Maryland does not recognize a tort claim for failure to settle a first party insurance contract claim); *Yuen v. Am. Republic Ins. Co.*, 786 F.Supp. 531, 533 (D.Md. 1992) ("it is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law"). The *Hartz* court rejected claims for medical and other damages resulting from a delay in payment due under an insurance contract, similar to that asserted by Plaintiff, but pled under contract law.

> By styling her complaint as one for breach of contract, [the plaintiff] attempts to avoid the Maryland bar against tort actions. No amount of artful pleading such as terming the damages "consequential" can disguise what [she] is seeking-extra-contractual damages for additional medical expenses, business losses, and emotional distress. These damages do not arise naturally from her homeowner's insurance policy. These damages resulted from [the defendant insurance company's] delay. And Maryland has made a considered decision not to

3

>    recognize a tort action for bad faith failure
>    to settle with an insured.

*Hartz*, 269 F.3d at 476. The *Yuen* court recognized that the rationale for this rule "is to confine actions between an insured and his or her insurer to the realm of contract law, rather than letting such actions expand to tort proportions." *Yuen*, 786 F.Supp. at 533.

The only remaining claim is for breach of contract and seeks $26,000 in damages. Under 28 U.S.C. § 1367, this court has only supplemental jurisdiction over this claim, because the claim does not arise under federal law, nor does it meet the $75,000 amount in controversy requirement for jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). Under § 1367(c)(3), this court may decline to exercise supplemental jurisdiction over this claim, if the court has dismissed all claims over which it has original jurisdiction. Accordingly, the court proposes to remand the remaining claim to the Circuit Court for Montgomery County, unless cause to the contrary is shown by November 27, 2006.

A separate order will be entered.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge